<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORI A. WRIGHT,  :<br>  :<br>         Plaintiff,  :<br>  :<br>     v.  :<br>  :<br>COMMISSIONER OF SOCIAL  :<br>SECURITY,  :<br>  :<br>         Defendant.  :<br>  : | Case No. 3:18-cv-14720-BRM<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Lori A. Wright's ("Wright") appeal from the final decision of the Acting Commissioner of Social Security ("Commissioner"),[1] denying her application for disability insurance benefits. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1 and having declined to hold oral argument pursuant to Federal Civil Rule 78(b), for the reasons set forth below and for good cause shown, the Commissioner's decision is **AFFIRMED**.

**I.     BACKGROUND**

On January 11, 2015, Wright protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability since August 5, 2014. (Tr. 51.) The claim was denied initially on May 27, 2015, and denied upon reconsideration on September 1,

---

[1] Upon the Appeals Council's Order denying Wright's request for a review of the Administrative Law Judge's ("ALJ") decision, the ALJ's decision became the final decision of the Commissioner. (Tr. 1-6.)

2015. (Tr. 51, 137-42, 144-48.) Wright filed a written request for a hearing on September 18, 2015. (Tr. 51, 149-50.) She appeared and testified at the hearing held on June 9, 2017. (Tr. 51, 74-112.) On August 24, 2017, the ALJ found Wright was not disabled. (Tr. 65.) Specifically, the ALJ found Wright did not engage in substantial gainful activity, had a severe impairment, but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments, and that she has the residual functional capacity to perform sedentary work. (Tr. 53-65.) The Appeals Council denied Wright's request for review. (Tr. 1-6.) Having exhausted her administrative remedies, she filed this appeal on October 7, 2018. (Comp. (ECF No. 1.))

## II. STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive on a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970

2

F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

### III. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146-47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do

most jobs." 20 C.F.R. § 404.1521(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe impairment is not considered disabled. *Id.* at § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

4

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482 U.S. at 146-47 n.5). An administrative law judge bears the burden of proof for the fifth step. *See id.* at 263.

**IV.    DECISION**

    **A.    Wright's Challenge to the ALJ's Consideration of Dr. Raul Valcarcel, Robert Rekker and Dr. Robert Hoffman's Opinions**

Wright argues the ALJ made "an improper RFC determination by failing to properly consider the opinion of Dr. Raul Valcarcel." (ECF No. 10 at 1). She further contends the ALJ did not "specifically note the weight given to the opinions" of examiners Dr. Robert Rekker and Dr. Robert Hoffman. (*Id.*) She claims the ALJ "played doctor" in determining Wright's RFC "without seeking an updated opinion by medical a medical expert, after giving the opinions of State agency consultants little weight, as they did not review the abnormal MRI study of the brain." (*Id.*). The Commissioner argues there was substantial evidence to support that Dr. Valcarcel's opinion was not entitled to controlling weight. (ECF No. 18 at 15.) The Commissioner further contends the consultative examiners were "Inconsistent With it." (*Id.*)

In making a disability determination, the ALJ must consider all evidence before him. *See*, e.g., *Plummer*, 186 F.3d at 433; *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986). Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reasons for discounting such evidence. *Burnett*, 220 F.3d at 121; *Cotter*, 642 F.2d at 705. In *Burnett*, the Third Circuit held the ALJ had not properly decided an evidentiary issue because he "fail[ed] to consider and explain his reasons for discounting all of the pertinent evidence before him in making his residual functional capacity determination." 220 F.3d at 121. "In absence of such indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. Consequently, an ALJ's failure to note if evidence that contradicts his finders was considered, or to explain why such information was not credited, are ground for a remand. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 435 (3d Cir. 1999). However, this rule does not require an ALJ to explicitly discuss every

6

piece of relevant evidence in his decision. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). For example, an ALJ may be entitled to overlook evidence that is neither pertinent, relevant, nor particularly probative. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008); *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004).

Additionally, when the record presents inconsistencies with a physician's ultimate opinion or where the physician's notes undermine his own opinion, an ALJ may appropriately discount the physician's opinion. *See Burke v. Comm'r of Social Security*, 317 F. App'x 240, 243-44 (3d Cir. 2009). Although the ALJ must not "reject evidence for no reason or for the wrong reason, [he] may choose whom to credit when considering conflicting evidence." *Kerdman v. Comm'r of Soc. Sec.*, 607 F. App'x 141, 144 (3d Cir. 2015) (quotations omitted). A reviewing court "may not re-weigh the evidence." *Id.* Therefore, even if there is contrary evidence in the record that would justify the opposite conclusion, the ALJ's decision will be upheld if it is supported by substantial evidence. *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986)

This Court finds the ALJ, contrary to Wright's argument, considered Dr. Raul Valcarcel's opinion and considered the findings of Dr. Hoffman and Dr. Rekker. (Tr. 62-64.) The ALJ articulated in his RFC analysis, which was incorporated into his step-three analysis, Dr. Valcarcel's contradictory opinion and explained why he rejected it. Specifically, the ALJ stated:

> On March 23, 2016, Dr. Valcarcel reported that, due to encephalopathy and balance disorder, the claimant: is able to lift and carry 10 pounds occasionally; can sit for 30 minutes; can stand for 1 minute; can walk for two minutes; must use a walker or cane; can never reach, handle, finger, feel, push or pull; can never operate foot controls; can never climb, balance, stoop, kneel, crouch or crawl; can never be exposed to environmental conditions; and requires a quite noise environment. Although this opinion was rendered by a treating physician, the opinion is not consistent with the practitioner's physical examination of the claimant on the day the opinion was rendered or with prior examinations since June 2015 which report normal range of motion, muscle tone and strength on

7

> musculoskeletal examination and intact memory on mental status evaluation. Nor is the opinion consistent with the consultative examinations of Dr. Hoffman and Dr. Rekker. Therefore, although this opinion is considered, it is not given controlling weight.

(Tr. 62-63 (internal citations omitted).) The ALJ also considered Wright's subjective activities and alleged ailments (Tr. 57-61), the MRI from September 2015 (Tr. 59, 530, and 557), Dr. Schneider's findings (Tr. 60 and 517) and the state agency's consultants' opinions (Tr. 62, 118, 120-21, 129-30, 131-33).

Since the function of this Court is simply to ensure the ALJ's decision was supported by substantial evidence, the Court finds the ALJ made a sound decision based on the evidence that Wright does not equal a listed impairment. The Court cannot apply a more stringent standard than that of "substantial evidence," nor can it act as the fact-finder. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360-61 (3d Cir. 2004). The administrative record provides this Court with "more than a mere scintilla" of evidence to support the ALJ's decision. *Jones*, 364 F.3d at 503 (defining substantial evidence as "less than a preponderance of the evidence but more than a mere scintilla"). Accordingly, the ALJ's decision and Commissioner's denial of review at step-three is **AFFIRMED**.

### B. Wright's Challenge to the ALJ's Step Two Analysis

Wright argues the ALJ erred at step two of the sequential analysis in determining that "substantial evidence" does not support Wright's subjective complaints. (ECF No. 19 at 6-7). The Commissioner contends the ALJ's decision that Wright does not suffer from a "severe impairment" was supported by substantial evidence (Tr. 54-73.)

Step two provides that "[if] you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we [the Social

8

Security Administration] will find that you do not have a severe impairment and are, therefore, not disable." 20 C.F.R §§ 404.1520(c), 416.920(c); *see also id.* 404.1522(a), 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities include: (1) "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]acities for seeing, hearing and speaking"; (3) "[u]nderstanding, carrying out, and remembering simple instructions"; (4) "[u]se of judgment"; (5) "[r]esponding appropriately to supervision, co-works and usual work situations"; and (6) "[d]ealing with changes in a routine work setting." 20 C.F.R §§ 404.1522(b)(1), 416.922(b)(1).

Wright has the burden of proving her impairment or impairments are "severe" at this step. *McCrea*, 370 F.3d at 360. However, she "need only demonstrate something beyond a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability work." *Id.* (citation omitted); *see Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) ("If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue."). *Newell*, 347 F.3d at 546. Therefore, "[i]f the evidence presented by [Wright] presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue." *Id.* Reasonable doubts regarding severity should be resolved in favor of Wright. *Id.* at 547.

However, "[a]lthough the threshold in step two may be low, the standard of review remains the same." *Givens v. Comm'r of Soc. Sec.*, No. 13-5900, 2014 WL 3844810, at *4 (D.N.J. Aug. 4, 2014). "The Commissioner's denial at step two, like one made at any other step in the sequential analysis is to be upheld if supported by substantial evidence." *Id.* (quoting *McCrea*, 370 F.3d at

9

360). As such, even though a determination "at step two should be reviewed with close scrutiny, it still must be affirmed if supported by substantial evidence." *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). This Court cannot weigh the evidence or substitute its conclusions for those of the ALJ or Commissioner. *McCrea*, 370 F.3d at 361. It follows that this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360.

Here, the ALJ did not err at step two of the sequential analysis, but instead made a reasoned decision supported by substantial evidence in the record, such as Wright's admissions, treating doctors, and state examiners. *See Jakubowski v. Comm'r*, 215 App'x 104 (3d Cir. 2007) (stating that an ALJ's decision as to the severity of impairments is supported by substantial evidence when the ALJ cites to specific medical records in his decision). The Court does not contend Wright is not suffering from several different impairments, but instead that the ALJ has supported its denial with substantial evidence. Whether or not this Court would have decided the factual inquiry differently is of no importance. *See Hartranft*, 181 F.3d at 360.

Indeed, the ALJ's findings consist of approximately twelve pages replete with evidence from the record demonstrating Wright's impairments individually or collectively were not severe. The ALJ found:

> After careful consideration of the evidence, . . . that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medial evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 58.) Specifically, the ALJ pointed to Wright's own hearing statements admitting:

10

> The claimant testified she is married but has been separated for 5 years. She lives alone. She used to live with her father. There are no stairs in her current residence.
>
> Her sister helps with the laundry and cleaning. The claimant noted she can cook a little bit. She uses a shower chair and rails in the bathtub. She takes care of her own personal bathing. She is able to drive to local stores. She watches television while sitting. She sits most of the day. She visits with friends and family. She remembers to take medications but her sister also reminds her and takes her to the doctor.

(Tr. 57-58.)

Moreover, the ALJ cited clinical evidence demonstrating Wright's physical impairments were not severe:

> In June 2015, the claimant reported her only complaint was insomnia. Physical examination showed normal findings. She had no muscular weakness or joint swelling and had normal range of motion and muscle tone as well as good strength. She was noted to be ambulatory. She was also alert, with no memory loss, no sensory deficit, no focal deficits, full orientation and normal motor system (Exhibit 5F). At follow-up in August 2015, the claimant made no complaints. She was noted to be alert with no memory loss, no sensory deficit, no focal deficits, no facial palsy, normal motor system and full orientation. She was not anxious, showed intact memory and good judgment as well as normal mood and affect.
>
> At a follow-up in September of 2015, the claimant sought to have disability paperwork filled out. It was noted the claimant had a prolonged hospitalization and had severely impaired mental capabilities due to this. It was noted the claimant had alcoholic dementia and decreased parenchymal matter, as confirmed by CT scan. It was noted the claimant was ambulatory but using a walker. Examination noted the claimant had no muscular tenderness, no muscular weakness, no joint swelling, normal range of motion and good muscle tone and strength. The extremities showed no cyanosis, clubbing or edema. Peripheral pulses were equal and bilaterally palpable. She was alert, with no memory loss, no sensory deficit, no focal deficits, no facial palsy and normal motor system with full orientation. She had good judgment, intact memory and normal mood and affect (Exhibit 10F).
>
> . . . .

> Follow up notes in October 2015 indicate the claimant had no new complaints but indicated she was unable to take care of herself and indicated her mental capacities were quite limited due to the ischemic insult her brain sustained when she was in the hospital the last time. It was noted the claimant was ambulatory but using a walker to ambulate. She had normal range of motion, good muscle tone and strength, no weakness and no tenderness. The extremities showed no cyanosis, clubbing or edema and peripheral pulses were intact. She was alert, with no memory loss, no sensory deficit, no focal deficits, no facial palsy, normal motor system and full orientation. Her judgement was good, memory intact and mood affect normal. She was not anxious. She was referred to a neurologist. Follow-up in December 2015 remained the same (Exhibit 10F).
>
> . . . .
>
> At follow-up in November 2016, the claimant reported no new complaints. She was ambulating with a cane instead of a walker. Examination remained the same otherwise. She denied loss of appetite, headache, malaise, weight loss/gain, daytime somnolence, fall risk and weakness. It was noted the claimant was ambulatory but using a walker to ambulate. Examination showed normal range of motion, good muscle tone and strength, no tenderness and no weakness. She was alert, with no memory loss, no sensory deficit, no focal deficits, no facial palsy, normal motor system and full orientation. She was not anxious. Her judgment was good, memory intact and mood and affect were normal. Follow-up remained the same in December 2016 (Exhibit 10F).

(Tr. 59-60.)

Since the function of this Court is simply to ensure that the ALJ's decision was supported by substantial evidence, and the above is only a sample of the evidence cited by the ALJ in support of its decision, the Court finds the ALJ made a sound decision based on the evidence that Wright's impairments were not "severe." This Court cannot apply a more stringent standard than that of "substantial evidence," nor can it act as the fact-finder. *McCrea*, 370 F.3d at 360-61. Both Wright's own statements and the statements from several doctors provide this Court with "more than a mere scintilla" of evidence to support the ALJ's decision. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir.

2004) (defining substantial evidence as "less than a preponderance of the evidence but more than a mere scintilla"). Accordingly, the ALJ's decision and Commissioner's denial of review of that decision are **AFFRIRMED**.

## IV.   CONCLUSION

For the reasons set forth above, the Commissioner's decision is **AFFIRMED**.

**Date:** July 31, 2020                                         */s/ Brian R. Martinotti*
                                                                                **HON. BRIAN R. MARTINOTTI**
                                                                                **UNITED STATES DISTRICT JUDGE**